In the Matter of the General Assignment of the Iroquois Beverage Company, Inc., to Edward Beck for the Benefit of Creditors.

County Court, Erie County, April, 1922.

**Debtor and creditor — assignment for benefit of creditors — practice — when examination of witnesses at instance of stockholder of assignor will be allowed — sufficiency of moving papers.**

In view of the radical revision in 1914 of the Debtor and Creditor Law (Consol. Laws of 1909, chap. 12) and in order to make it conform as nearly as possible to the present Bankruptcy Act, the court, in considering questions arising under an assignment for the benefit of creditors, must be guided to some extent by the law and practice in the bankruptcy court.

Upon the same day that a domestic corporation made a general assignment for the benefit of creditors the assignee obtained an order permitting him to continue the business for sixty days. The assignee filed his inventory and schedules of assets and liabilities and on the return day of an order requiring interested parties to show cause why a sale of the assets should not be had, their objections to such course, in advance of an appraisal of the assets by a competent and disinterested board, was sustained, an appraiser appointed and the hearing on the motion held generally. On the same day a stockholder of the assignor obtained an order *ex parte* appointing a referee to examine certain witnesses on a day certain. Three days before the time set for such examination the attorney for the assignee obtained an *ex parte* order modifying the first order by confining and limiting the scope of the examination to matters only in aid of the administration of the assignment. The examination was had pursuant to both orders, the attorney for the assignee appearing for the witnesses. *Held,* that the failure of the attorney for the assignee to move to vacate the order of reference until after the examination of the witnesses had been held was a good answer to all objections raised in the moving papers on such motion, and the same will be denied.

The statement in the affidavit upon which the order for examination of the witnesses was granted, "that the inventory and account above referred to do not set forth all the assets of the said assignor," was alone enough to justify the court in ordering an examination as to the truth of such statement.

The examination pursuant to said order should be confined to that of witnesses named in the moving papers, and there being thus far no attempt to examine any witness not named therein an objection that the order was void because it authorized the examination of unnamed witnesses, was untenable.

The power of the court under section 16 of the Debtor and Creditor Law, which expressly authorizes the production of all books and papers for examination, is very broad, if not unlimited.

An objection that the order for examination was granted *ex parte* and was made returnable in less than five days without showing any particular reason therefor was not valid on the hearing of the present motion.

Motion to set aside order for examination of witnesses.

*Charles J. Deckop* and *Edward J. Garono*, for motion.

*James A. Magoffin* and *Edward L. Jellinek*, opposed.

Noonan, J. On March 16, 1922, the Iroquois Beverage Company, Inc., a domestic corporation, made an assignment for the benefit of creditors to Edward Beck, who, on the same day, secured

an order of this court permitting him to continue the business of the assignor for sixty days.

In due time the assignee filed his inventory and schedules showing assets of a nominal or book value of $798,675.08, but having an actual value, estimated, of $492,483.36, and liabilities amounting to $429,455.71.

On March 25, 1922, the attorney for the assignee obtained an order, returnable April 6, 1922, requiring the interested parties to show cause why a sale of the assets should not be had. On the return day, interested parties objected to having a sale before an appraisal of the assets had been made by a competent and disinterested board. The objection was sustained, appraisers appointed, and the hearing on the motion held generally.

On April 6, 1922, the attorney for Philip G. Schaefer, a stockholder of the assignor, obtained an *ex parte* order appointing a referee to examine certain witnesses on April 11, 1922. On April 8, 1922, an *ex parte* order was granted upon the application of the attorney for the assignee modifying the first order by confining and limiting the examination of the witnesses to matters only in aid of the administration of the assignment, and pursuant to said orders the witnesses were examined before the referee, the attorney for the assignee appearing for the witnesses. On April 12, 1922, the attorney for the assignee served a notice of motion on the attorneys for the interested parties for an order vacating the said order of reference to examine witnesses on several grounds stated in the notice of motion.

In considering the questions raised the court is hampered by the fact that few assignments have been made since the passage of the Federal Bankruptcy Act of 1898, and consequently most of the decisions of the state courts are over twenty years old and of doubtful value because of subsequent changes in the law. The Debtor and Creditor Law, taken largely from the Revised Statutes and the Code of Civil Procedure, became chapter 12 of the Consolidated Laws in 1909, and then there was a radical revision of the same in 1914 to make it conform, as nearly as possible, to the Federal Bankruptcy Act, so that I am now of the opinion that we must be guided to some extent by the law and practice of the Bankruptcy Court.

Under the present law the power of the court over the assignee and the assigned estate is ample and complete. Subdivision 9 of section 15 empowers the court " To examine the parties and witnesses on oath in relation to the assignment and accounting and all matters connected therewith and to compel their attendance for that purpose and their answers to questions, and the production

County Court, Erie County, April, 1922.    [Vol. 118

of books and papers; " and section 16 reads: " The judge may also, *at any time*, on petition of the assignee or *any party interested*, order the examination of witnesses and the production of any books and papers by *any party* or *witness* before him or before a referee appointed by him for such purpose, or before the assignee who shall have power to administer oaths, compel the attendance of witnesses, and production of books, records and papers by the issuance of subpœna, and the evidence so taken    *    *    * may be used in evidence by any creditor or assignee in any action or proceeding then pending, or which may hereafter be instituted    *    *    *."

The provisions of the Federal Bankruptcy Act are very similar. " A court of bankruptcy may, upon application of any officer, bankrupt or creditor, by order require any *designated person*, including the bankrupt and his wife, to appear in court or before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in the process of administration under this act."

Under this act examinations are ordered upon " application " and no formal practice has been established. To get the desired information with the least formality seems to be the policy of the Bankruptcy Law, and I think the state courts should follow a like practice.

The attorney for the assignee urges, as his first objection, that the moving papers are insufficient upon their face. I cannot agree with him. The moving affidavit alleges: " That the inventory and accounts above referred to do not set forth all the assets of the said assignor." This assertion alone is enough to justify the court in ordering an examination as to the truth of such statement. There is no better time to get such information.

As to the second objection, that the order is void because it authorizes the examination of unnamed witnesses, is not tenable because no attempt has been made thus far to examine any one not named in the moving papers, and the examination should be confined to those named in the moving papers.

As to the third objection, section 16 expressly authorizes the production of all books and papers for examination, so that the power of the court for such purpose is very broad if not unlimited.

The fourth objection, that the order was granted *ex parte* and was returnable in less than five days without showing any particular reason therefor, is not valid at this time because it was not raised until after the examination had been had and considerable evidence produced to show grounds for reforming the inventory and schedules, and the failure to apply for an order vacating the order for the

examination of witnesses until *after* an examination had been held is a good answer to all the objections raised in the moving papers.

I think that the best results will be obtained by making our practice conform as nearly as possible to the Bankruptcy Court practice which is very liberal in regard to the examination of witnesses during the administration of the bankrupt estate.

The motion to dismiss the order for examination of witnesses is denied, without costs, and an order may be entered accordingly.

Ordered accordingly.